O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| **ARMANDO RODRIGUEZ**, *et al.*, § § **Plaintiffs,** § § v. § § **CITY OF LAREDO; and AGUSTIN DOVALINA,** § § § **Defendants.** § § | Civil Action No. 5:06-cv-175 |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and based on Defendant Dovalina's assertion of qualified immunity. [Dkt. No. 5]. Upon due consideration of the pleadings, responsive filings, and the governing law, the Court DENIES Defendants' Motion.

### I.    PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiffs are employees of the Laredo Police Department. [Dkt. No. 4, ¶ 6]. According to their most recent complaint, on August 14, 2006, Plaintiffs commented in writing to the Laredo City Council that the familial ties between the Laredo City Manager and Defendant Agustin Dovalina, the Laredo Chief of Police, have nurtured a climate of "apathy and neglect" toward complaints about either the Chief or the City Manager such that the complaint process did "not afford any vehicle for . . . relief" to aggrieved persons. [Dkt. No. 4, ¶ 6]. Plaintiffs allege that, as retaliation for expressing their legitimate concerns:

> "investigations were commenced against Plaintiffs . . . for the [ostensible] purpose of assessing whether, by providing the written submission, . . . they violated provisions of the Civil Service Rules, Laredo Police Department Policy and General Orders, and Rules and Regulations aimed at establishing a chain of

> command for addressing grievances and precluding discourtesy between fellow employees which could adversely affect [D]epartment morale."

[Dkt. No. 4, ¶ 7]. Plaintiffs assert that Defendant Dovalina "encouraged his loyal department operatives to cause . . . grievances to be lodged against Plaintiffs so that he [could] exact punishment on the Plaintiffs who . . . merely exercised their First Amendment right to Free Speech . . . ." [Dkt. No. 4, ¶ 7]. On January 3, 3007, Plaintiffs filed the instant suit seeking a declaratory judgment that: (1) to the extent Department policies restrict Plaintiffs' expression on matters of public concern, such policies violate the First Amendment; and (2) that Defendants' conduct amounts to unconstitutional retaliation.[1] [Dkt. No. 4].

On January 18, 2007, Defendants filed the Motion to Dismiss now before the Court, arguing, first, that Plaintiffs' complaint on its face fails to allege the violation of a constitutional right and, second, that Plaintiffs' claims should be dismissed per Defendant Dovalina's assertion of qualified immunity. [Dkt. No. 5].

## II.    DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim on which relief can be granted." Dismissal is warranted when it is clear that a plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). In evaluating the sufficiency of the pleadings, a court treats all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Id*. (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). A court should not dismiss a claim unless the plaintiff would not be entitled to relief under "any set of facts or any possible

---

[1] Under their "Causes of Action" heading, Plaintiffs list their request for an injunction as a claim. [Dkt. No. 4 at 6]. An injunction is a remedy, not a cause of action.

theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

### A. Qualified Immunity

Defendants argue that dismissal is warranted as to both of Plaintiffs' claims because Plaintiffs' allegations, if assumed true, cannot overcome Defendant Dovalina's assertion of qualified immunity. "Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983." *Chrissy F. v. Mississippi Dep't of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991). Rather, qualified immunity applies only to actions for damages. *Id.* Plaintiffs seek only declaratory relief. Thus, Defendant Dovalina's invocation of qualified immunity is of no consequence.[2]

### B. Failure to State a Claim—Unconstitutional Retaliation

Defendants next argue that, immunity aside, Plaintiffs fail to allege conduct that is actionable as unconstitutional retaliation, and therefore there is no basis for a declaratory judgment in Plaintiffs' favor.

Important in addressing this argument is a clarification of what Plaintiffs do *not* argue: Plaintiffs do not claim retaliation under Title VII of the Civil Rights Act of 1964, which establishes a distinct cause of action for "retaliation." *See* 42 U.S.C. § 2000e-3. Rather, Plaintiffs allege a constitutional tort under § 1983, or, as they put it, "retaliation and punishment for speaking on matters of public concern . . . ." [Dkt. No. 4, ¶ 9]. Although these two causes of

---

[2] Defendants claim that Plaintiffs seek monetary damages. [Dkt. No. 5, ¶ 2]. Plaintiffs' Original Petition sought only a declaration that Department policies could not constitutionally restrict their speech on matters of public concern. [Dkt. No. 1-3, Ex. B, ¶ 8]. In their Amended Complaint, Plaintiffs request not only a declaration that such policies violate the First Amendment, "but additionally that the retaliation and punishment [they have suffered via the investigation] for speaking on matters of public concern violate[s] the United States Constitution and United States [f]ederal law." [Dkt. No. 4, ¶ 9]. Thus, Plaintiffs amended their complaint in order to seek a declaratory judgment on additional *issues*, not to pray for the additional *remedy* of monetary damages.

3

action are distinct, the Court must, for reasons made clear momentarily, briefly compare the two in order to properly determine the viability of Plaintiffs' § 1983 retaliation claim.

"It is well settled that 'a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.'" *Garcetti v. Ceballos*, 126 S. Ct. 1951, 1955 (2006) (quoting *Connick v. Myers*, 461 U.S. 138, 142 (1983)). If the expression in question was not made "pursuant to [the employee's] official responsibilities," employer action that punishes an employee for so speaking amounts to "unconstitutional retaliation." *Id.* at 1961. Importantly, in order to recover for unconstitutional retaliation, a plaintiff must show, among other things, that, as a result of her speech, she suffered from an "adverse employment decision." *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004) (en banc). In this regard, Defendants invoke Fifth Circuit case law asserting that an investigation cannot constitute an "adverse employment action." *See*, *e.g.*, *Breaux v. City of Garland*, 205 F.3d 150, 157-58 (5th Cir. 2000); *Pierce v. Texas Dep't of Criminal Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). It follows, according to Defendants, that Plaintiffs have failed to state a claim.

The Fifth Circuit has traditionally limited actionable employer conduct to "adverse employment actions" for Title VII purposes as well. *See*, *e.g.*, *Messer v. Meno*, 130 F.3d 130 (5th Cir. 1997). Adverse employment actions for Title VII purposes are "ultimate employment decisions," *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 769 (5th Cir. 2001), such as the hiring, discharging, and promoting of employees, as well as decisions concerning compensation. *Messer*, 130 F.3d at 140. Recently, the Supreme Court, in *Burlington Northern & Santa Fe Railway Co. v. White*, expressly rejected the Fifth Circuit's Title VII retaliation rubric. 126 S. Ct. 2405, 2414 (2006) ("We therefore reject the standards applied in the Courts of Appeals that have

4

. . . limited actionable retaliation to so-called 'ultimate employment decisions.'"). Under the new standard, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which means it well might have dissuaded a reasonable worker from" engaging in the protected conduct. *Id.* at 2415.

The Fifth Circuit has not yet addressed how *Burlington* affects the "adverse employment action" element of § 1983 retaliation claims—that is, whether it believes the Supreme Court's rejection of that standard in the Title VII context warrants modification of the same consideration in the constitutional tort context. Indeed, the Fifth Circuit has hereto discussed *Burlington* in eighteen opinions, a mere two of which have been designated for publication, *see Strong v. Univ. Health Care Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007); *Lemaire v. Louisiana*, 480 F.3d 383, 389 (5th Cir. 2007). In both, the Fifth Circuit expressly declined to formally state how *Burlington* modifies its prior case law. The question now before the Court, then, is the degree to which, if any, the threshold for § 1983 retaliation claims was altered by *Burlington*.

The Fifth Circuit has stated that "[t]he definition of 'adverse employment action' . . . may be different under title VII from its [sic] definition under § 1983." *Sharp v. City of Houston*, 164 F.3d 923, 933 n.21 (5th Cir. 1999). In this regard, another court in this District has read the Fifth Circuit's case law to suggest that "the definition of adverse employment action is *broader* in § 1983 retaliation claims than in the Title VII context. *Rodriguez v. Gonzalez*, 2006 U.S. Dist. Lexis 71334 (S.D. Tex. 2006). Additionally, in a recent unpublished opinion, the Fifth Circuit assumed without deciding that *Burlington* altered the § 1983 retaliation framework. *McLaurin v. City of Jackson Fire Dep't*, 2006 U.S. App. Lexis 31274, 3-4 (5th Cir. 2006). Accordingly, the Court assumes that the scope of actionable conduct for § 1983 purposes is *at least* as broad as the scope of employment decisions actionable under Title VII. As such, this Court is equipped only

with the Supreme Court's general statement of the law without any controlling authority as to whether that standard would recognize an investigation as a "retaliatory act" under § 2000e-3 (and, thus, for § 1983 purposes.)

This Court concludes that whether, in a given case, an investigation qualifies as a retaliatory act is a very context-specific inquiry, and the answer thus depends on the circumstances at issue.[3] To repeat, the *Burlington* retaliation framework asks only whether "a reasonable employee would have found the challenged action materially adverse, which means it well might have dissuaded a reasonable worker from" engaging in the protected conduct. 126 S. Ct. at 2415. In establishing that the adverse effect on the respective employee must be "material," the Court obviously rejected the unworkable rule that an employee's "hurt feelings" alone gives rise to a retaliation claim. But petty workplace incivilities must be distinguished from employer harassment achieved through the summoning of overbearing institutional power. Employer investigations vary; some can be extremely intimidating. As such, an investigation *may* amount to actionable employer conduct under the new, more inclusive, Title VII standard established in *Burlington*, and therefore the Court rejects Defendants' argument that Plaintiffs have failed to allege actionable employer conduct under § 1983.

### C.  Failure to State a Claim—Constitutionality of Official Policies

Plaintiffs also seek a declaration that Department policies, to the extent they restrict Plaintiffs' speech on matters of public concern, violate the First Amendment. Defendants attack this claim with the same argument they lodge against Plaintiffs' retaliation claim: "[P]laintiffs' actions must be dismissed because plaintiffs have not shown that they suffered an adverse employment action at the hands of Chief Dovalina . . . ." [Dkt. No. 5, ¶ 8].

---

[3] The *Burlington* Court recognized that "the significance of any given act of retaliation will often depend on the particular circumstances." *Burlington*, 126 S. Ct. at 2415.

Defendants' argument conflates the two distinct legal theories Plaintiffs assert. Unrelated to their retaliation claim, and as a wholly distinct premise for relief, Plaintiffs argue that any *future* invocation of the aforementioned policies for the purpose of regulating their comments on matters of public concern would violate the First Amendment. This argument does not depend on Plaintiffs' ability to demonstrate an "adverse employment action."

### III.  CONCLUSION

Defendants' Motion to Dismiss, [Dkt. No. 5], is **DENIED**.

IT IS SO ORDERED.

Done this 13th day of August, 2007, in Laredo, Texas.

                                      Micaela Alvarez
                          UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**